15-2843-cv
*Samuel v. New York City Board of Education, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

---

MARVA SAMUEL,

                 *Plaintiff-Appellant*,                          15-2843-cv

            v.

NEW YORK CITY BOARD OF EDUCATION and
CLAUDY MAKELELE,

                 *Defendants-Appellees*,

CITY OF NEW YORK,

                 *Defendant.*

---

**FOR PLAINTIFF-APPELLANT:**          Marva Samuel, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**         Ingrid R. Gustafson, of Counsel, *for*
                                      Zachary W. Carter, Corporation Counsel
                                      of the City of New York, New York, NY.

1

Appeal from an order of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*; Lois Bloom, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and is hereby **AFFIRMED**.

Appellant Marva Samuel, proceeding *pro se*, appeals from an August 11, 2015 order of the District Court granting Appellees' motion to enforce the oral settlement of Samuel's employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's factual findings, including whether a settlement agreement exists and whether the parties assented to it, for clear error." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). "Consequently, a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed." *Id.* at 129 (internal quotation marks omitted).

Here, the parties entered into a voluntary, clear, explicit, and unqualified settlement on the record in open court. The Magistrate Judge twice reviewed the terms of the settlement agreement with Samuel and confirmed that she understood and voluntarily consented to them. Samuel's arguments on appeal that she did not understand the terms of the settlement agreement, specifically that she would be required to resign and that she was pressured into the agreement, are belied by the record. The Magistrate Judge confirmed that Samuel understood that she would receive $10,000, that she would resign and her resignation would be "irrevocable," and that the Appellees would "change what is marked on [her] file as a termination to a resignation." The Magistrate Judge further confirmed that Samuel was entering into the agreement voluntarily and of her own free will. The District Court therefore correctly enforced the settlement agreement. *See id.* at 128 ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that . . . choice simply because his assessment of the consequences was incorrect.").

## CONCLUSION

We have reviewed all of the arguments raised by Samuel on appeal and find them to be without merit. We thus **AFFIRM** the August 11, 2015 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk